UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

MONSANTO COMPANY, et al.,           )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )     No.  1:07CV29 FRB
                                    )
GARRY ALLISON,                      )
                                    )
            Defendant.              )

## ORDER

This cause is before the Court, <u>sua</u> <u>sponte</u>, upon review of the file.  The matter was assigned to the undersigned United States Magistrate Judge by random selection pursuant to Rule 2.08 of the Local Rules of this Court.

Plaintiffs Monsanto Company and Monsanto Technology LLC filed the instant cause of action on February 20, 2007, naming Garry Allison as the sole defendant.  A review of the file shows defendant Allison not to have been served nor to have entered an appearance in the cause.  Plaintiffs have now filed a Motion for Expedited Discovery and Entry of Protective Order (filed Feb. 21, 2007/Docket No. 6) in which they seek immediate and expedited relief in the form of discovery and protective orders, including, but not limited to, permission for expedited entry upon property and immediate entry of orders enjoining defendant from engaging in certain activities.  Plaintiffs further request the Court to conduct an expedited hearing on their requests.  (See Docket No.

8.)

As noted above, this cause was assigned to and is currently pending before the undersigned United States Magistrate Judge pursuant to Local Rule 2.08. Under Rule 2.08, all parties are required to notify the Court in writing, on a form provided by the Court, as to whether they consent to jurisdiction before the magistrate judge pursuant to 28 U.S.C. § 636(c), or wish to opt for reassignment to a district judge of the Court. A magistrate judge may not proceed to determine dispositive matters unless and until all parties to the cause have entered and consent to the magistrate judge's jurisdiction under § 636(c). See Henry v. Tri-Services, Inc., 33 F.3d 931,933 (8th Cir. 1994). Because defendant Allison has neither been served nor has appeared in this matter, the undersigned is unable to obtain at this time the full consent required to proceed in determining plaintiffs' instant requests for immediate action, including injunctive relief. Further, the time for service upon defendant Allison does not expire until 120 days have passed since the filing of plaintiffs' Complaint. Fed. R. Civ. P. 4(m). Accordingly, in light of the nature of the instant action, the undersigned does not determine it to be in the interest of justice for any potential injunctive relief to be reserved until service is effectuated upon defendant Allison and it is determined whether he would consent to proceed before the undersigned United States Magistrate Judge. Therefore, inasmuch as the undersigned

does not have consent to proceed from all parties as required by 28 U.S.C. § 636(c) and a request for immediate injunctive action is pending before the Court, the undersigned determines that in the interest of justice and to avoid any further delay in proceeding in this cause, the matter should be reassigned to a district judge of this Court for all further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall randomly reassign this case to a district judge of the Court for all further proceedings.

*/s/ Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this _21st_ day of February, 2007.